IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMMY BELLE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. MEYERS, et al. | : | No. 02-3330 |

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE November , 2002

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Sammy Belle ("Belle"), an individual incarcerated in the Rockview State Correctional Institution. For the reasons that follow, I recommend that the petition be dismissed.

**PROCEDURAL HISTORY:**

On November 6, 1981, a jury sitting before the Honorable Robert A. Latrone, Court of Common Pleas of Philadelphia County, convicted Belle of second degree (felony) murder, robbery, and possession of an instrument of crime. The convictions stemmed from the July 10, 1980, shooting death of Lester G. Lawrence during the robbery of a gas station. On July 26, 1983, Judge Latrone sentenced Belle to a mandatory term of life imprisonment.[1]

Belle filed a direct appeal with the Pennsylvania Superior Court which affirmed

[1]Judge Latrone also imposed a concurrent term of two and one-half (2½) to five (5) years of imprisonment for the possession of an instrument of crime conviction. No further penalty was imposed for Belle's robbery conviction.

the trial court's judgment of sentence on September 9, 1987. Commonwealth v. Belle, No. 2033 PHL 1983 (Pa. Super. Sept. 9, 1987) (unpublished memorandum). The Pennsylvania Supreme Court denied Belle's petition for allowance of appeal on February 24, 1988. Commonwealth v. Belle, 539 A.2d 810 (Pa. 1988) (table).

On June 29, 1988, Belle filed a pro se petition for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541, et seq. After appointed counsel, Norris Gelman, Esquire, filed an amended petition, the PCRA court granted the Commonwealth's motion to dismiss on February 20, 1990. The Pennsylvania Superior Court affirmed the denial of PCRA relief on March 4, 1991. Commonwealth v. Belle, 593 A.2d 910 (Pa. Super. 1991) (table); No. 659 Phila. 1990 (Pa. Super. March 4, 1991) (unpublished memorandum). The Pennsylvania Supreme Court denied Belle's petition for allowance of appeal on December 19, 1991. Commonwealth v. Belle, 602 A.2d 855 (Pa. 1991).

On February 7, 1994, Belle filed a pro se petition for writ of habeas corpus in this court, but then subsequently filed a motion to withdraw that petition. On June 2, 1994, the Honorable Franklin S. Van Antwerpen granted Belle's motion to withdraw and dismissed his habeas petition without prejudice. Belle v. Beard, C.A. No. 94-0798 (E.D. Pa. June 2, 1994).

On January 14, 1997, Belle filed a pro se petition for an evidentiary hearing in the Pennsylvania Superior Court. On November 10, 1997, the Superior Court denied Belle's

petition without prejudice to his right to seek the requested relief in the trial court. Commonwealth v. Belle, No. 21 MDE 1997 (Pa. Super. Nov. 10, 1997).

On May 23, 2002, Belle filed the instant pro se petition for writ of habeas corpus.[2] Respondents have filed a response arguing that Belle's petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

**DISCUSSION:**

Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

[2] Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Because Belle did not date his original habeas petition, we will assume that he presented his petition to prison authorities on the date that his petition was postmarked, May 23, 2002.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Belle's conviction became final when his direct appeals ended in 1988. Because his conviction became final prior to April 24, 1996, the effective date of the AEDPA, Belle would normally have had until April 23, 1997, to file his § 2254 petition. Duncan v. Walker, 533 U.S. 167 (2001) ("In the context of AEDPA's 1-year limitations period, which by its terms runs from 'the date on which the judgment became final,' see § 2244(d)(1)(A), the Courts of Appeals have uniformly created a 1-year grace period, running from the date of AEDPA's enactment, for prisoners whose state convictions became final prior to AEDPA."); Burns, 134 F.3d at 111-12.

**1. Effect of Motion for Evidentiary Hearing**

On January 14, 1997 – 265 days into his one (1) year grace period – Belle filed a motion for an evidentiary hearing in the Superior Court. Defendants argue that Belle's motion had no effect upon the running of the AEDPA limitations period because the

motion is not a "properly filed" application for collateral review which would toll the federal statute of limitations. See 28 U.S.C. § 2244(d)(2). We find it unnecessary to decide whether or not Belle's motion should be considered a "properly filed" application for relief because Belle's petition would still be time-barred even if we were to assume that the motion tolled the AEDPA statute of limitations. Belle filed his motion for an evidentiary hearing on January 14, 1997. If we were to exclude the time that the motion was "pending" – from January 14, 1997, through December 10, 1997[3] – then Belle would have had 100 days left in his one year grace period, or until March 20, 1998, to properly file the instant petition.[4] See, e.g., Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (the tolling provision of § 2244(d)(2) excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one (1) year statute of limitations begins to run).

Belle submitted the instant motion for filing on May 23, 2002, over four (4) years after the limitation period had expired. He does not assert that there has been an

---

[3]See Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000) (an application for state post-conviction review is considered "pending" during the time a state prisoner is pursuing his state remedies, including the time for seeking discretionary review of any court decisions, whether or not such review is sought); see also Pa.R.A.P. 1113 (a petition for allowance of appeal in the Pennsylvania Supreme Court is to be filed within thirty (30) days of the entry of the order of the Superior Court).

[4]It appears that Belle also sent his motion for an evidentiary hearing to the Pennsylvania Supreme Court; however, on January 28, 1998, that court forwarded that motion back to the Superior Court noting that the motion had been sent to the Supreme Court "in error." See Pet'r Br. in Supp. of Pet. for Writ of Habeas Corpus. The Superior Court returned the motion, unfiled, to Belle on February 4, 1998, stating that it had previously denied the motion on November 10, 1997. Id.

impediment to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, Belle would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

**2. Equitable Tolling**

The Third Circuit has determined that the one (1) year period of limitation for § 2254 is subject to equitable tolling because the limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (citation omitted). "The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Id. at 618-19 (citations omitted). The Third Circuit has set forth three (3) circumstances in which equitable tolling is justified: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable

tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (citing cases).

We do not find the instant matter to be one of "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Belle presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so. Because Belle has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair. Accordingly, Belle's petition must be dismissed as untimely.[5]

Therefore, I make the following:

**R E C O M M E N D A T I O N**

AND NOW, this day of November, 2002, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be DISMISSED. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

[5]In light of our recommendation that this petition be dismissed as time-barred, we do not find it necessary to specifically address Belle's claims.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMMY BELLE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. MEYERS, et al. | : | No. 02-3330 |

**O R D E R**

AND NOW, this day of , upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and any objections made thereto, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition filed pursuant to 28 U.S.C. § 2254 is DISMISSED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

______________________________
FRANKLIN S. VAN ANTWERPEN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMMY BELLE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. MEYERS, et al. | : | No. 02-3330 |

**O R D E R**

AND NOW, this day of November, 2002, IT IS HEREBY ORDERED that Petitioner's request for documents (Document #6) is DENIED.

BY THE COURT:

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE