### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMMY BELLE,** | : | |
| Petitioner, | : | No. 02-3330 |
| | : | |
| v. | : | |
| | : | |
| **ROBERT W. MEYERS, ET AL.,** | : | |
| Respondents. | | |

### ORDER

AND NOW, this 9th day of December, 2002, upon careful and independent consideration of the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 23, 2002, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, filed November 7, 2002, and objections thereto filed by the Petitioner on November 27, 2002, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petitioner's petition for a writ of habeas corpus is DISMISSED;[1]

---

[1] The Petitioner had one year from the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 in which to file a petition for a write of habeas corpus because the judgment which he seeks to challenge became final long before the enactment of the Act, on February 24, 1988 when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Duncan v. Walker, 533 U.S. 167, 183, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Even if the Petitioner could take advantage of the tolling of this period provided by the pendency of a "properly filed" application for collateral review at the state level, see 28 U.S.C. § 2244(d)(2), by virtue of his January 14, 1997 motion for an evidentiary hearing, this petition would still be time-barred.
   The petitioner did not appeal the denial of that motion on November 17, 1997, and thus the period in which the motion was pending was between January 14, 1997 and December 17, 1997. See Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000) (an application for state post-conviction relief is pending between the time it is filed and the time opportunity for further review is exhausted, whether further review is sought or not); Pa.R.A.P. 1113 (a petition for allowance of appeal to the Pennsylvania Supreme Court must be filed within thirty days of the entry of the order of the Superior Court). The 365-day statute of limitations that began to run on April 23, 1996 stopped running 265 days later, on January 14, 1997, began again on December 17, 1997, and was finally exhausted 100 days later on March 20, 1998. Mr. Belle submitted the instant petition on May 23, 2002, more than four years after the statute of limitations expired. He has not asserted any of the circumstances that would allow him to file an untimely petition. See 28 U.S.C. § 2244(d)(1)(B)-(D). He also has not asserted, and we do not find on our own review, any circumstance that would justify the application of the doctrine of equitable tolling. See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). *continued . . .*

3. Petitioner's objections filed on November 27, 2002 are OVERRULED and DENIED;

4. There is no basis for the issuance of a certificate of appealability for reasons stated in the footnote to this order;

5. This case is closed.

BY THE COURT:

_____
Franklin S. Van Antwerpen, U.S.D.J.

---

Mr. Belle does appear to claim that he did not know that his January 14, 1997 motion had been denied. We need not determine whether this claim, if established, would justify tolling the federal statute of limitation because it is totally belied by the fact that Mr. Belle file a copy of the November 17, 1997 order of the Superior Court denying his motion in the papers attached to his May 28, 2002 petition in this court. We therefore find that the instant matter is <u>not</u> one of the "rare instance[s] where equitable tolling is demanded by sound legal principles as well as the interests of justice." <u>Jones</u>, 195 F.3d 159-60. Because the Petitioner filed this petition more than four years after the statute of limitations had expired and has established no circumstance that would justify the application of either 28 U.S.C. § 2244(d)(1)(B)-(D) or the doctrine of equitable tolling, we dismiss his petition as untimely.